**LAW OFFICES OF RAHUL WANCHOO**
Attorneys for Plaintiff
Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Phone:  (646) 593-8866
Fax:     (212) 618-0213
E-mail: rwanchoo@wanchoolaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

PING AN PROPERTY AND CASUALTY INSURANCE
COMPANY OF CHINA LTD., AS SUBROGEE OF
CHINA INTERNATIONAL FUND LTD.

                Plaintiff,

            - against -

HIGH SEAS SERVICOS MARITMOS LDA,
BNAVI SHIP MANAGEMENT (INDIA) PRIVATE LTD
AND BNAVI S.p.A.

                Defendants.

------------------------------------------------------------X

ECF CASE

08 Civ. 3296 (VM)

**VERIFIED COMPLAINT**

Plaintiff, PING AN PROPERTY AND CASUALTY INSURANCE COMPANY OF CHINA LTD. ("Ping An"), as subrogee of CHINA INTERNATIONAL FUND LTD. ("China International") (hereinafter referred to collectively as "Plaintiff") by its attorneys, LAW OFFICES OF RAHUL WANCHOO, alleges on information and belief as follows:

**JURISDICTION AND VENUE**

1.       This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and within the admiralty and maritime jurisdiction

of the United States and of this Honorable Court. This case also falls under the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Finally, this Court also has jurisdiction over this matter because the action also arises under the convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et. seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et. seq.*

## THE PARTIES

2.  At all material times, Plaintiff was and now is a foreign corporation organized under and existing by virtue of the laws of the People's Republic of China. Ping An is the subrogated underwriter for China International who are the owners of certain cargoes of Multi Function Asphalt Concrete Paver Machines ("Cargo") shipped on board the M.V. AUSTER ("Vessel"), a general cargo vessel of 21,124 deadweight tons capacity, at Shangahi, China for carriage to Luanda, Angola, pursuant to a CONGENBILL Edition 1994 bill of lading dated November 14, 2006 (the "Bill of Lading").

3.  Upon information and belief, at all material times, Defendant, HIGHSEAS – SERVICOS MARITIMOS LDA, was and now is a foreign corporation organized under and existing by virtue of the laws of Madeira, and is the registered owner of the Vessel.

4.  Upon information and belief, at all material times, Defendant BNAVI SHIP MANAGEMENT (INDIA) PRIVATE LTD, was and now is a foreign corporation organized under and existing by virtue of the laws of the Republic of India, and is the beneficial owner of the Vessel.

5.  Upon information and belief, at all material times, Defendant BNAVI S.p.A. was and now is a foreign corporation organized under and existing by virtue of the laws of Italy, and is the operator of the Vessel.

## FACTS GIVING RIGHTS TO CLAIM

6. On or about November 2, 2006 Xu Zhou Construction Machinery Group Imp & Exp. Co. Ltd. ("Xu Zhou") sold the Cargo to China International on CIF terms. Pursuant to the contract of sale, the Cargo was shipped on board the Vessel at Shanghai on or around November 14, 2006. The Cargo was shipped pursuant to the Bill of Lading, which shows the shipper as Xu Zhou, and was consigned to the order of China International. During the period in question, the Vessel was operating under a charter party dated October 23, 2006.

7. The Vessel arrived at the discharge port, Luanda, Angola on or around December 22, 2006. During discharge, the first unit of machinery was dropped from a considerable height due to the negligence of the owners and/or their stevedores causing the total loss of the machine. A short time later, a second unit was also dropped in similar circumstances resulting in a partial loss. The Cargo was surveyed by Lloyds' Agency, who established that one machine was a total loss and the machine could only be used for spare parts and the other was a partial loss.

8. The Plaintiff's claim against the Defendants as owners and/or operators of the Vessel arises under the contract of carriage evidenced by the Bill of Lading whereby Defendants failed to properly and carefully discharge the goods which resulted in the damage to Plaintiff's Cargo.

9. By reasons of the premises, the Plaintiff has sustained damages in the amount of $340,281.10. Plaintiff is the owner and/or subrogated insurer of the subject Cargo and brings this action on its own behalf and as agents and trustees on behalf of and for the interest of all parties who may or become interested in the said Cargo.

10. The Bill of Lading incorporated the charter party terms including the arbitration clause which provides that, if any dispute arises between the parties, the matter in dispute shall be referred to arbitration in Hong Kong with English law to apply. Plaintiff has commenced arbitration proceedings in Hong Kong against the Defendants. Plaintiff estimates, as best as can be presently calculated, these additional damages and costs to be $599,170.10 comprised of interest in the sum of $108,889 (computed on the principal claim of $340,281.10 at a rate of 8% per annum for 4 years), and $150,000 estimated Hong Kong counsel fees and arbitrators' fees which will be incurred in the Hong Kong arbitration, and which are recoverable there. (*See Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263, 265 (2d Cir. 2002), where the attachment that the Court of Appeals reinstated covered "an amount that includes interest and anticipated attorneys' and arbitrators' fees.")

12. Based upon the foregoing, therefore, the total amount sought to be attached by Plaintiff in this action is $599,170.10 (340,281.10 + $108,889 + $150,000.00).

13. All and singular the premises are true and within the admiralty and maritime jurisdiction of this Honorable Court.

14. Plaintiff brings this action by seeking an order of seizure of Defendants' goods and chattels, or credits and effects in the hands of garnishees to be named in the process, in the amount sued for herein, so that the Court shall have jurisdiction to direct Defendants to proceed with arbitration of Plaintiff's claim against Defendants and to retain jurisdiction to enter a judgment upon the arbitration award in the Hong Kong arbitration.

**WHEREFORE,** the Plaintiff prays the following:

1. That process in due form of law according to the practice of this Court in causes of admiralty and maritime jurisdiction may issue against Defendants, High Seas Servicos

Maritmos LDA, BNavi Ship Management (India) Private Limited and BNavi S.p.A that they be personally cited to appear and answer the matters set forth above;

2. That if the Defendants cannot be found within this District, then that Defendants' goods and chattels, or credits and effects within the hands of garnishees within the jurisdiction of this Court be attached by process pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims and in an amount sufficient to answer Plaintiff's claims of $599,170.10, the sum sued for in this Complaint;

3. That the action thereafter be stayed pending the arbitration award and that a judgment be entered upon the award of the aforesaid arbitration for the amount of any recovery by Plaintiff, together with interest, costs and disbursements of this action; and

4. That this Court grants to Plaintiff such other and further relief as may be just and proper in the circumstances.

Dated: New York, New York
April 2, 2008

**LAW OFFICES OF RAHUL WANCHOO**
Attorneys for Plaintiff
Ping An Property and Casualty Insurance
Company of China Ltd.

By: _Rahul Wanchoo_
Rahul Wanchoo (RW-8725)

## **VERIFICATION**

STATE OF NEW JERSEY)
                          ss.
COUNTY OF BERGEN   )

I, Rahul Wanchoo, being duly sworn, deposes and says:

I am an attorney at law and a member of the firm of Law Offices of Rahul Wanchoo, attorneys for Plaintiff.

I have read the foregoing Verified Complaint and know the contents thereof and the same are true to the best of my knowledge, information and belief.

The reason that this verification is made by me and not by Plaintiff is that Plaintiff is a foreign corporation and is not within this District.

                                                                       _Rahul Wanchoo_

Sworn to and subscribed to
before me this 2nd day of April, 2008.

_Michael C. Zeale_
Notary Public

Michael C. Zeale
Notary Public State of New Jersey
My Commission Expires
August 8, 2010